**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **STANLEY ROBERT**<br>**LA. DOC #187531** | **CIVIL ACTION NO. 6:12-cv-1968** |
| **VS.** | **SECTION P** |
| | **JUDGE REBECCA F. DOHERTY** |
| **JUDGE LORI LANDRY, ET AL.** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Stanley Robert, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 19, 2012. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Hunt Corrections Center, St. Gabriel, Louisiana, however, he complains that his constitutional rights were violated on September 25, 2009 and again on October 25, 2011 in criminal proceedings convened in the Sixteenth Judicial District Court, Iberia Parish. Plaintiff sued Judge Lori Landry, who presided over the proceedings, and his court-appointed attorney, Ms. Alicia Butler. He prays for his immediate release from custody and for compensatory damages from both defendants. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and, for seeking money damages from a defendant who is immune from suit.

***Background***

Plaintiff was apparently charged with some unspecified felony offense in the Sixteenth

Judicial District Court, Iberia Parish. Sometime prior to September 25, 2009 Public Defender Alicia Butler was appointed to represent him. Plaintiff faults Butler for failing to file a Motion to Quash the indictment based on the State's failure to timely institute prosecution. He also alleged an unspecified breach of contract, ethical violations, and fraud.

Thereafter, on October 25, 2011, an evidentiary hearing was convened in the Sixteenth Judicial District Court. Judge Landry presided over the proceedings and plaintiff claims that she violated his rights to due process by failing to provide an attorney, failing to provide a written ruling, failing to rule on the merits of his claim, committing judicial misconduct by violating "all constitutional ethics conduct cannons," and, committing malfeasance in office by failing to respect and comply with the law.

As noted above, plaintiff prays for his immediate release from custody which implies that his current incarceration resulted from the proceedings complained of. He also seeks compensatory damages.

## ***Law and Analysis***

### ***1. Screening***

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.§§ 1915 and 1915A.

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with

the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

Nevertheless, in order to be afforded the benefits of this assumption a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); see also *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Plaintiff filed an original complaint succinctly stating his claims for relief. Further amendment would serve no useful purpose.

***2. Habeas Corpus***

Plaintiff implies his current incarceration is unlawful and the result of the unconstitutional behavior of the defendants. He further implies that he is entitled to an immediate release from custody. Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a *habeas corpus* action, and, since in this instance the plaintiff attacks the lawfulness of what appears to be state court convictions and sentences, he would be required to proceed under the provisions of 28 U.S.C. §2254. Since release from custody is not available in this civil rights proceeding, plaintiff fails to state a claim for which relief may be granted.[1]

---

[1] The undersigned is reluctant to construe these pleadings as a petition for *habeas corpus* pursuant to Section 2254 since in addition to seeking his release from custody, plaintiff also seeks money damages. To the extent that plaintiff believes that he is entitled to *habeas* relief, he is reminded that he must first exhaust all available State court remedies prior to filing such a petition in federal court. Section 2254 was amended by the Antiterrorism and Effective Death Penalty Act of 1996, or AEDPA, to incorporate the jurisprudential requirement of exhaustion of State court remedies. As amended, the statute provides,

> (b)(1) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that– (A) the applicant has exhausted the remedies available in the Courts of the State...

In other words, before seeking federal *habeas corpus* relief, a state prisoner such as the plaintiff herein, must first exhaust available state court remedies, by fairly presenting his federal Constitutional claims to the state's courts thereby giving those courts an opportunity to pass upon and correct any Constitutional violations. 28 U.S.C. § 2254(b)(1). The prisoner must fairly present all of his claims in each appropriate state court, including the state supreme court with the power of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). *Habeas* petitions presenting unexhausted claims must ordinarily be dismissed. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L. Ed.2d 379 (1982). A review of the presumptively reliable published jurisprudence of the Louisiana Supreme Court reveals no writ judgments involving the plaintiff and therefore, it appears that he has not exhausted available State court remedies.

***3. Heck v. Humphrey Considerations***

As noted above, plaintiff claims that he is unlawfully imprisoned. He faults Judge Landry and Attorney Butler for his predicament and seeks money damages from both to compensate him for false imprisonment. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court determined, "[I]n order to recover damages for allegedly unconstitutional ... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254." A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on §1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement ...")

Plaintiff does not contend that his conviction or sentence have been reversed, expunged, or declared invalid. Plaintiff implies that he is the victim of false imprisonment and he demands money damages. If the court were to grant plaintiff the relief he seeks, such ruling would necessarily implicate the validity of the Sixteenth Judicial District Court's judgment of guilt and the sentence plaintiff is presently serving.

Accordingly, under *Heck*, plaintiff must demonstrate that his conviction, adjudication and sentence have been reversed, invalidated, or expunged prior to bringing the instant action. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). Plaintiff has failed to make such a showing. Consequently, his claim for monetary damages is "legally frivolous" within the meaning of 28 U.S.C. §1915. *Hamilton*, 74 F.3d at 102-103.

***4. Judicial Immunity***

Plaintiff has also sued Judge Landry of the Sixteenth Judicial District Court. It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994); see also *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993), abrogated on other grounds by *Arvie v. Broussard*, 42 F.3d 249 (5th Cir.1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir.1995), *cert. denied*, 516 U.S. 1129 (1996). Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Id.* at 10, 112 S.Ct. 286 (citation omitted). Judicial immunity is a matter of policy and is necessary because a judge "... should not have to fear that

unsatisfied litigants may hound him with litigation charging malice or corruption [and] [i]mposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). Consequently, judicial immunity cannot be overcome even by allegations of bad faith or malice; judicial immunity "applies even when the judge is accused of acting maliciously and corruptly." *Id.* at 11, 112 S.Ct. 286 (internal quotation marks and citation omitted). In determining whether a judge is entitled to immunity, "[i]t is the Judge's actions alone, not intent, that we must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993).

Judicial immunity can only be defeated by showing that the judge's actions were of a non-judicial nature or that he acted in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). In determining whether the complained of actions were non-judicial in nature, that is to say, whether the judge acted outside the scope of his judicial capacity, the court should consider a variety of factors including: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Malina*, 994 F.2d at 1124 (citation omitted). These factors must be broadly construed in favor of immunity. *Id.*

Courts use the "functional" approach in deciding whether an act is "judicial" for purposes of immunity. *Cleavinger v. Saxner*, 474 U.S. 193, 201-02, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). The issue of "immunity analysis rests on the status of the defendant-judge. Absolute immunity flows not from rank or title or 'location within the Government,' but from the nature of the

responsibilities of the individual official." *Id.* In deciding whether absolute judicial immunity applies, a court should consider the nature of the act taken, namely whether it is a function normally performed by a judge, and the expectations of the parties, namely whether they dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (emphasis supplied).

Plaintiff implies that Judge Landry violated his constitutional rights with respect to her conduct at an evidentiary hearing on October 25, 2011. All of the acts complained of – failing to appoint counsel, failing to provide written rulings, failing to rule on the merits of plaintiff's claim, etc., – were clearly judicial functions of the trial judge.[2] *See Mireles*, 502 U.S. at 12, 112 S.Ct. 286; *Malina*, 994 F.2d at 1124. Whether or not Judge Landry acted maliciously, or even in excess of her authority, is of no moment. *Stump*, 435 U.S. at 356-57, 98 S.Ct. At 1099.

With regard to the remaining factors, it is obvious that the complained of conduct occurred in the confines of the Iberia Parish Courthouse. Further, there can be no doubt but that the controversy centered around a case pending before the court and that Judge Lanry, throughout

---

[2] Examples of "non-judicial" acts abound in the reported jurisprudence; however, such acts are clearly distinguishable from the types of acts alleged herein. See: *Richardson v. Koshiba*, 693 F.2d 911 (9th Cir.1982) (act of appointing state judges involves an executive not a judicial act); *Goodwin v. Circuit Court of St. Louis County, Mo.*, 729 F.2d 541 (8th Cir.1984) (decision to remove a hearing officer was an administrative rather than a judicial act); *Guercio v. Brody*, 814 F.2d 1115 (6th Cir.1987) (judge not shielded by judicial immunity for act of firing confidential personal secretary); *McMillan v. Svetanoff*, 793 F.2d 149 (7th Cir.1986) (firing court reporter is not a judicial act); *Harper v. Merckle*, 638 F.2d 848 (5th Cir.1981) (holding a contempt proceeding and ordering plaintiff incarcerated were not judicial acts where controversy that led to incarceration did not center around any matter pending before the judge, but around domestic problems of plaintiff's former wife who worked at the courthouse).

the proceedings, acted in her official capacity as Judge of the Sixteenth Judicial District Court.

Again, even if Judge Landry has been alleged to have erred, that she is alleged to have acted with malice, or was alleged to have exceeded the authority granted to her by law is of no moment since "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority ...." *Stump v. Sparkman*, 435 U.S. at 356-57, 98 S.Ct. at 1105 (quoted case omitted). Moreover, a plaintiff's "[d]isagreement with the action taken by a judge ... does not justify depriving that judge of his immunity, nor does the fact that tragic consequences ensue from the judge's action deprive him of his absolute immunity." *Id.* at 363-64, 98 S.Ct. at 1108-09.

In other words, the defendant judge retains absolute immunity even though it is alleged that she deprived plaintiff of due process and otherwise violated plaintiff's constitutional rights. See, for example, *Brandley*, 64 F.3d at 201 (state trial judge did not exceed reasonable bounds of his judicial role in capital murder prosecution, so as to lose judicial immunity, by allegedly accompanying prosecutor and court clerk to city dump to retrieve evidence that he believed had been disposed of); *Young v. Biggers*, 917 F.2d 873, 877 (5th Cir.1990), on reh'g, 938 F.2d 565, 569 n. 5 (5th Cir.1991) (judge was absolutely immune from claim that he framed plaintiff for robbery); *Freeze v. Griffith*, 849 F.2d 172, 174 (5th Cir.1988) (judge was absolutely immune from claim that he conspired with others to suppress exculpatory evidence.) Thus, plaintiff's claim for damages against Judge Landry must be dismissed pursuant to the provisions of 28 U.S.C. §§1915(e)(2)(B)(iii) and 1915A(b)(2).

***5. State Actor***

Plaintiff has sued his public defender, Ms. Butler. In order to prevail on a civil rights

claim a litigant must prove that he was deprived, by one acting under color of law, of rights, privileges, or immunities secured by the United States Constitution and laws. 42 U.S.C. § 1983; *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir.1995). The "under color of law" requirement, means that the defendants in a §1983 action must have committed the complained-of acts in the course of their performance of duties, and have misused power that they possessed by virtue of state law and made possible only because they were "clothed" with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944)(plurality opinion). In other words, only "state actors" – officials acting under color of state law – may be sued pursuant to Section 1983.

Private attorneys, including public defenders, are not state actors within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 321-22 (1981). Plaintiff alleges fault on the part of his attorney, Ms. Butler; she is not a "state actor" and therefore plaintiff fails to state a claim for which relief may be granted.

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages from a defendant who is immune from suit pursuant to the provisions of 28 U.S.C. § 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See, Douglass v. United Services Automobile Association*****,** 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Lafayette, Louisiana, October 17, 2012.

**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**